MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ROBERTO   SIGUENCIA, *individually and*
*on behalf of others similarly situated,*

<table>
<tr><td align="center">*Plaintiff*,</td><td align="center">**COMPLAINT**</td></tr>
<tr><td align="center">-against-</td><td align="center">**COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)**</td></tr>
<tr><td>MGXM CORP., LEMX CORP., MILTON<br>MIRANDA, and GRACIELA MIRANDA,</td><td align="center">**ECF Case**</td></tr>
<tr><td align="center">*Defendants.*</td><td></td></tr>
</table>

-------------------------------------------------------X

Plaintiff Roberto   Siguencia   ("Plaintiff Siguencia" or "Mr. Siguencia"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against MGXM Corp., Lemx Corp., ("Defendant Corporations"), Milton Miranda and  Graciela Miranda, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Siguencia is a former employee of Defendants MGXM Corp., Lemx Corp., Milton Miranda, and Graciela Miranda.

2.       Defendants own, operate, or control a construction company, located at 166 Stanhope Street, Brooklyn, NY 11237 and at 61-32 56th Drive, Maspeth, NY 11378.

3.      Upon information and belief, individual Defendants Milton Miranda and Graciela Miranda, serve or served as owners, managers, principals, or agents of Defendant Corporations and,

through these corporate entities, operate or operated the construction corporations as a joint or unified enterprise.

4.      Plaintiff Siguencia was employed as a general assistant, a brick layer and a metal cutter at the construction corporations located at 166 Stanhope Street, Brooklyn, NY 11237 and 61-32 56th Drive, Maspeth, NY 11378.

5.      At all times relevant to this Complaint, Plaintiff Siguencia worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Siguencia appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.Defendants' conduct extended beyond Plaintiff Siguencia to all other similarly situated employees.

8.At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Siguencia and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Siguencia now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Siguencia seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Siguencia's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a construction company located in this district. Further, Plaintiff Siguencia was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.     Plaintiff Roberto Siguencia ("Plaintiff Siguencia" or "Mr. Siguencia") is an adult individual residing in Queens County, New York.

14.     Plaintiff Siguencia was employed by Defendants at MGXM Corporation from approximately 2010 until on or about October 9, 2020.

15.     Plaintiff Siguencia consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a construction company, located at 166 Stanhope Street, Brooklyn, NY 11237 and at 61-32 56th Drive, Maspeth, NY 11378.

17.     Upon information and belief, MGXM Corp is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 166 Stanhope Street, Brooklyn, NY 11237.

18.     Upon information and belief, Lemx Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 61-32 56th Drive, Maspeth, NY 11378.

19.     Defendant Milton Miranda is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Milton Miranda is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Milton Miranda possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Siguencia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Graciela Miranda is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Graciela Miranda is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Graciela Miranda possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Siguencia, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a construction company located in the Bushwick neighborhood in Brooklyn and in the Maspeth neighborhood of Queens in New York City.

22.     Individual Defendants, Milton Miranda and Graciela Miranda, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Siguencia's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Siguencia, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Siguencia (and all similarly situated employees) and are Plaintiff Siguencia's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Siguencia and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants Milton Miranda and Graciela Miranda operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28.  At all relevant times, Defendants were Plaintiff Siguencia's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Siguencia, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Siguencia's services.

29.  In each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporations on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Siguencia is a former employee of Defendants who was employed as a general assistant, a brick layer and a metal cutter.

32.     Plaintiff Siguencia seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Roberto   Siguencia*

33.     Plaintiff Siguencia was employed by Defendants from approximately 2010 until on or about October 9, 2020.

34.     Defendants employed Plaintiff Siguencia as a general assistant, a brick layer and a metal cutter.

35.     Plaintiff Siguencia regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

36.     Plaintiff Siguencia's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Siguencia regularly worked in excess of 40 hours per week.

38.     From approximately November 2014 until on or about December 2014, Plaintiff Siguencia worked from approximately 7:30 a.m. until on or about 5:30 p.m. to 6:00 p.m., 7 days a week (typically 70 to 73.5 hours per week).

39.     From approximately January 2015 until on or about February 2015, and from approximately November 2015 until on or about December 2015. Plaintiff Siguencia worked from approximately 7:30 a.m. until on or about 5:00 p.m. 6 days a week (typically 57 hours per week).

40.     From approximately March 2015 until on or about October 2015 Plaintiff Siguencia worked from approximately 7:30 a.m. until on or about 5:30 p.m. or 6:00 p.m. 6 days a week (typically 60 to 63 hours per week).

41.     From approximately January 2016 until on or about December 2016, Plaintiff Siguencia worked from approximately 8:00 a.m. until on or about 5:00 p.m., 6 days a week (typically 54 hours per week).

42.     From approximately January 2017 until on or about December 2017, Plaintiff Siguencia worked from approximately 5:30 a.m. until on or about 4:30 p.m., 5 days a week two weeks each  month and 6 days a week  two weeks each month (typically 55 to 66 hours per week).

43.     From approximately January 2018 until on or about December 2018, Plaintiff Siguencia worked from approximately 7:30 a.m. until on or about 4:30 p.m. five days a week and from approximately 8:00 a.m. until on or about  5:00 p.m., two days a week (typically 63 hours per week).

44.     From approximately January 2019 until on or about December 2019, Plaintiff Siguencia worked from approximately 7:30 a.m. until on or about 4:30 p.m. five days a week and from approximately 8:00 a.m. until on or about 5:30 p.m., two days a week (typically 64 hours per week).

45.     From approximately January 2020 until on or about October 9, 2020, Plaintiff Siguencia worked from approximately 7:30 a.m. until on or about 4:30 p.m. to 5:00 p.m., 5 days a week (typically 45 to 47.5 hours per week).

46.     Throughout his employment, Defendants paid Plaintiff Siguencia his wages by personal check.

47.     From approximately November 2014 until on or about December 2015, Defendants paid Plaintiff Siguencia a fixed salary of $700 per week.

48.     From approximately January 2016 until on or about December 2018, Defendants paid Plaintiff Siguencia a fixed salary of $800 per week.

49.     From approximately January 2019 until on or about October 9, 2020, Defendants paid Plaintiff Siguencia a fixed salary of $900 per week.

50.     Plaintiff Siguencia was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

        From 2017 until on or about 2018, Defendants required Plaintiff Siguencia to sign a blank document in order to release his weekly pay.

51.     Defendants took improper and illegal deductions from Plaintiff Siguencia's wages; specifically, Defendants deducted 30 minutes from Plaintiff Siguencia's wages if he arrived 10 minutes late to work.

52.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Siguencia regarding overtime and wages under the FLSA and NYLL.

53.     Defendants did not provide Plaintiff Siguencia an accurate statement of wages, as required by NYLL 195(3).

54.     Defendants did not give any notice to Plaintiff Siguencia, in English and in Spanish (Plaintiff Siguencia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     Defendants required Plaintiff Siguencia to purchase "tools of the trade" with his own funds—including construction tools.

*Defendants' General Employment Practices*

56.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Siguencia (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

57.     Plaintiff Siguencia was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58.     Defendants' pay practices resulted in Plaintiff Siguencia not receiving payment for all his hours worked, and resulted in Plaintiff Siguencia's effective rate of pay falling below the required minimum wage rate.

59.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

From 2017 to 2018, Defendants required Plaintiff Siguencia to sign a blank document  in order to release his weekly pay.

60.     Defendants paid Plaintiff Siguencia his wages by  personal check.

61.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Siguencia (and similarly situated individuals) worked, and to avoid paying Plaintiff Siguencia properly for his full hours worked.

63.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Siguencia and other similarly situated former workers.

65.     Defendants failed to provide Plaintiff  Siguencia and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66.     Defendants failed to provide Plaintiff Siguencia and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67.      Plaintiff Siguencia brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68.      At all relevant times, Plaintiff Siguencia and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

69.      The claims of Plaintiff Siguencia stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70.      Plaintiff Siguencia repeats and realleges all paragraphs above as though fully set forth herein.

71.      At all times relevant to this action, Defendants were Plaintiff Siguencia's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Siguencia (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

72.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74.     Defendants failed to pay Plaintiff Siguencia (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75.     Defendants' failure to pay Plaintiff Siguencia (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Siguencia (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77.     Plaintiff Siguencia repeats and realleges all paragraphs above as though fully set forth herein.

78.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Siguencia (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79.     Defendants' failure to pay Plaintiff Siguencia (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Siguencia (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

81.      Plaintiff Siguencia repeats and realleges all paragraphs above as though fully set forth herein.

82.      At all times relevant to this action, Defendants were Plaintiff Siguencia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Siguencia, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

83.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Siguencia less than the minimum wage.

84.      Defendants' failure to pay Plaintiff Siguencia the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85.      Plaintiff Siguencia was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

86.      Plaintiff Siguencia repeats and realleges all paragraphs above as though fully set forth herein.

87.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Siguencia overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

- 14 -

88.     Defendants' failure to pay Plaintiff Siguencia overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Siguencia was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

90.      Plaintiff Siguencia repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants failed to provide Plaintiff Siguencia with a written notice, in English and in Spanish (Plaintiff Siguencia's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

92.     Defendants are liable to Plaintiff Siguencia in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

93.      Plaintiff Siguencia repeats and realleges all paragraphs above as though fully set forth herein.

- 15 -

94.      With each payment of wages, Defendants failed to provide Plaintiff Siguencia with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

95.      Defendants are liable to Plaintiff Siguencia in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

96.       Plaintiff Siguencia repeats and realleges all paragraphs above as though fully set forth herein.

97.      Defendants required Plaintiff Siguencia to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

98.      Plaintiff Siguencia was damaged in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

99.       Plaintiff Siguencia repeats and realleges all paragraphs above as though set forth fully herein.

100.    At all relevant times, Defendants were Plaintiff Siguencia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

101.    Defendants made unlawful deductions from Plaintiff Siguencia's wages; specifically, Defendants deducted thirty minutes from Plaintiff Siguencia's wages if he arrived ten minutes late to work.

102.    The deductions made from Plaintiff Siguencia's wages were not authorized or required by law.

103.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Siguencia's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

104.    Plaintiff Siguencia was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Siguencia respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Siguencia and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Siguencia and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Siguencia's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Siguencia and the FLSA Class members;

(f)     Awarding Plaintiff Siguencia and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Siguencia and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Siguencia;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Siguencia;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Siguencia's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Siguencia;

(l)     Awarding Plaintiff Siguencia damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Siguencia damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Siguencia liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Siguencia and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Siguencia and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff Siguencia demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

November 20, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                              Telephone: (212) 317-1200
New York, New York 10165                                                 Facsimile: (212) 317-1620
_____

Faillace@employmentcompliance.com

October 23, 2020

BY HAND

TO:      Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Roberto Siguencia

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          23 de octubre

*Certified as a minority-owned business in the State of New York*