**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

ROBERTO SIGUENCIA, individually and on behalf of others similarly situated,

        **Plaintiff,**

       - against-

MGXM CORP., LEMX CORP., MILTON MIRANDA, AND GRACIELA MIRANDA,

        **Defendants.**

_____

       **ANSWER TO COMPLAINT**

       **Case No.: 1:20-CV-05679**


     Defendants, MGXM Corp., LEMX Corp., Milton Miranda, and Graciela Miranda by their attorney Heriberto Cabrera, as and for an Answer to Plaintiff's Complaint dated November 20, 2020 (the "Complaint"), responds to Complaint as follows:


### NATURE OF ACTION

1.  Defendants admit the allegations contained in paragraph 2 that the individual defendants own and operate a construction company located at 166 Stanhope Street, Brooklyn, NY 11237, and deny the balance of the allegations.

2.  Defendants deny the allegations in Paragraphs 1, and 3 through 8.

3.  Defendants admit that Plaintiff raises claims under the statutes identified in paragraph 9, but deny that there exists any basis in law for Plaintiff's claims.

4.  Defendants deny that there exists any basis in law for Plaintiff's claims as averred in paragraph 10.

### JURISDICTION AND VENUE

5.  Defendants admit that Plaintiff raises claims under the statutes identified in paragraphs 11 and 12, but deny that there exists any basis in law for Plaintiff's

claims.

## THE PARTIES

6. Defendants admit that Plaintiff is an adult over the age of eighteen years of age and deny knowledge or information regarding Plaintiff's county of residence as averred in paragraph 13.

7. Defendants deny the allegations contained in paragraph 14 , 16, and 18through 20.

8. As to the allegations contained in paragraph 15, Defendants admit that Plaintiff seeks to represent a class of similarly situated individuals, but deny a basis in law for same.

9. As to the allegations contained in paragraph 17, Defendants deny sufficient knowledge or information to form a belief.

## FACTUAL ALLEGATIONS

10. Defendants deny the allegations contained in paragraph 21 through 25, 27, 29 through 31, 33 through 66.

11. The allegations contained in Paragraph 26 and 28 constitute a legal conclusion, no response is required.

12. As to the allegations contained in paragraph 32, Defendants admit that Plaintiff seeks to represent a class of similarly situated individuals, but deny a basis in law for same.

## FLSA COLLECTIVE ACTION CLAIMS

13. As to the allegations contained in paragraphs 67 and 69, Defendants admit that Plaintiff seeks to represent a class of similarly situated individuals, but deny a

basis in law for same.

14. Defendants deny the allegations in Paragraph 68.

## **AS TO FIRST CAUSE OF ACTION**

15. No response is required for the allegations contained in paragraph 70.

16. Defendants deny the allegations in Paragraph 71 through 76.

## **AS TO SECOND CAUSE OF ACTION**

17. No response is required for the allegations contained in paragraphs 77.

18. Defendants deny the allegations in Paragraph 78 through 80.

## **AS TO THIRD CAUSE OF ACTION**

19. No response is required for the allegations contained in paragraphs 81.

20. Defendants deny the allegations in Paragraph 82 through 85.

## **AS TO FOURTH CAUSE OF ACTION**

21. No response is required for the allegations contained in paragraphs 86.

22. Defendants deny the allegations in Paragraph 87 through 89.

## **AS TO FIFTH CAUSE OF ACTION**

23. No response is required for the allegations contained in paragraphs 90.

24. Defendants deny the allegations in Paragraph 91 and 92.

## **AS TO SIXTH CAUSE OF ACTION**

25. No response is required for the allegations contained in paragraphs 93.

26. Defendants deny the allegations in Paragraph 94 and 95.

## AS TO SEVENTH CAUSE OF ACTION

27. No response is required for the allegations contained in paragraphs 96.

28. Defendants deny the allegations in Paragraph 97 and 98.

## AS TO EIGHTH CAUSE OF ACTION

29. No response is required for the allegations contained in paragraphs 99.

30. Defendants deny the allegations in Paragraph 100 through 104.

## PRAYER FOR RELIEF

31.  Defendants deny that Plaintiff is entitled to any element of the relief described in the "PRAYER FOR RELIEF" clause of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

32. The complaint is barred in whole or in part as some or all the allegations fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or in part, because Defendants have at all times endeavored in good faith to comply with the provisions of the FLSA and applicable New York state law, and they had reasonable grounds for believing that they were in compliance therewith.

## THIRD AFFIRMATIVE DEFENSE

34. Individual liability is not supported by the allegations contained in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

35. No act or omission of Defendants alleged to have violated the FLSA or applicable

New York State law was willful, knowing, or in reckless disregard for the provisions of such laws.

### FIFTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are time-barred, in whole or in part, by the applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

37. The Court should not exercise supplemental jurisdiction over the claims in the Complaint that purport to arise under the state or city human rights law.

### SEVENTH AFFIRMATIVE DEFENSE

38. Some or all of Plaintiff's claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions or credits under the Motor Carrier Act, FLSA and/or applicable New York State law.

### EIGHTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred as to all hours during which he was waiting to be engaged, commuting or otherwise not working.

### NINTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred, in whole or in part, because the time periods for which he is claiming entitlement to compensation and/or overtime pay fall within a de minimis exception to the FLSA and applicable New York state law.

### TENTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal to Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals,

interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## ELEVENTH AFFIRMATIVE DEFENSE

42. Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to them through discovery.

## TWELFTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred to the extent that they worked for one or more of the Defendants under a different name.

**WHEREFORE**, Defendant prays that the Court dismiss the Complaint with prejudice herein together with costs, fees, and disbursements incurred defending this action and such other relief as this Court deems just and proper.

Dated:  December 8, 2020
       Brooklyn, New York

                              __/s/Heriberto Cabrera_____
                              Heriberto Cabrera
                              Attorney for Defendant
                              480 39th Street, 2nd Floor
                              Brooklyn, NY 11232
                              718-439-3600

To:    Michael Faillace & Associates, P.C.
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Tel. 212-317-1200